UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES D. KONCAK and JUDI K. KONCAK, <br><br>  Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST, as Trustee for GSAMP Trust 2006-FM2 Mortgage Pass-Through Certificates, Series 2006-FM2, MORTGAGE ELECTRONICS REGISTRATION SYSTEMS, INC., and OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:14-CV-3289-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Deutsche Bank National Trust's ("Deutsche"), Mortgage Electronics Registration Systems, Inc.'s ("MERS"), and Ocwen Loan Servicing, LLC's ("Ocwen") Motion for Summary Judgment and Brief in Support (Doc. 17). For the reasons that follow, the Court **GRANTS** the Motion.

### I.

### BACKGROUND

This case arises from a foreclosure upon Plaintiffs James and Judi Koncak's (collectively, "Plaintiffs") real property, located at 8835 Arborside Drive, Dallas, Texas (the "Property"). Doc. 1-5, Pet. ¶ 7. In June 2006, Plaintiffs executed a Texas Home Equity Note (the "Note") in exchange for a $396,000 loan. Doc. 17-2, Defs.' Ex. 1-A, Tex. Home Equity Note. To secure the loan, they

executed a Texas Home Equity Security Instrument (the "Deed of Trust"), which mortgaged the Property. Doc. 17-3, Defs.' Ex. 1-B, Tex. Home Equity Security Instrument. The original lender was Fremont Investment and Loan, and MERS was the nominee for Fremont and its successors and assigns, as well as the beneficiary under the Deed of Trust. Doc. 17-2, Defs.' Ex. 1-A, Note ¶ 1; Doc. 17-3, Deed of Trust 2. Through a series of transactions, which are the subject of this litigation, Deutsche acquired the Note and Deed of Trust in its capacity as Trustee for GSAMP Trust 2006-FM2, Mortgage Pass-Through Certificates, Series 2006-FM2 (the "GSAMP Trust"). Doc. 17-4, Defs.' Ex. 1-C, Assignment of Note and Deed of Trust [hereinafter "Assignment"]. In 2009, Plaintiffs defaulted on the loan, and Deutsche foreclosed on the Property. *See* Doc. 17-5, Defs.' Ex. 1-D, Notices of Default and Intent to Accelerate; Doc. 17-14, Defs.' Ex. 7, Home Equity Foreclosure Order.

Before Deutsche obtained the foreclosure order, however, Plaintiffs filed a lawsuit in state court, alleging that Deutsche had wrongfully foreclosed on the Property and seeking a declaration that it was not entitled to enforce the Note and Deed of Trust (the "First Action"). Doc. 17-9, Defs.' Ex. 2, Pls.' Original Pet. & Req. for Disclosure. Plaintiffs' theories in that action were (1) Deutsche did not possess the Note and therefore was not entitled to enforce it; and (2) MERS lacked the authority to assign the Note and Deed of Trust to Deutsche. *Id.* ¶¶ 21–27. Deutsche moved for summary judgment on all of Plaintiffs' claims, which the court granted. Doc. 17-12, Defs.' Ex. 5, Final Summ. J. Plaintiffs subsequently filed the instant action in 191st Judicial District Court of Dallas County, Texas (the "Second Action"). Doc. 1-5, Pet. 1. In the Second Action, Plaintiffs have sued Deutsche, MERS, and Ocwen, the current loan servicer for their loan, alleging fraud in the transfer of the Note and Deed of Trust. *Id.* ¶¶ 15–36. They seek declaratory relief and a stay of the

impending foreclosure sale. *Id.* ¶¶ 15–44. Defendants removed the case to this Court, Doc. 1, Notice of Removal, and now move for summary judgment, arguing that Plaintiffs' claims are barred by res judicata and collateral estoppel. Doc. 17, Defs.' Mot. for Summ. J. As the Court has now received Plaintiffs' response (Doc. 25) and Defendants' reply (Doc. 26), the Motion is ready for review.

## II.

## LEGAL STANDARD

A.   *Summary Judgment Standard*

Summary judgment is appropriate when the pleadings and record evidence, taken as a whole, show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment must be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). To meet this burden, the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted). Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical

doubt as to material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (internal citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). A non-movant may not simply rely on the Court to sift through the summary judgment record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The non-moving party thus must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). The Court will not make credibility determinations, weigh the evidence, or draw inferences, but instead confines its inquiry to facts material under the governing legal standard. *Anderson*, 477 U.S. at 255.

B.   *Res Judicata*

State law determines the preclusive effect of a state court judgment. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 756 (5th Cir. 1996). Texas courts have embraced the "transactional approach to res judicata," where "a subsequent suit is barred if it arises out of the same subject matter as a previous suit, and the matter could have been litigated in the prior suit." *Id.*; *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Stated differently, "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Daccach*, 217 S.W.3d at 449. The three prerequisites to applying res judicata are "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Id.*

## III.

## ANALYSIS

To determine whether res judicata bars Plaintiffs' claims, the Court must compare the First Action with the Second Action in light of the three factors enumerated above.

A.   *Prior Final Judgment on the Merits*

Plaintiffs do not dispute that the state court's summary judgment in the First Action was a final judgment on the merits, and instead argue that the Second Action involves different defendants and different claims. *See* Doc. 25, Pls.' Resp. 1–2. Nonetheless, the Court notes that summary judgment is considered to be a final judgment on the merits in Texas. *Pines of Westbury, Ltd. v. Paul Michael Constr., Inc.*, 993 S.W.2d 291, 294 (Tex. App.—Eastland 1999, pet. denied); *Crawford v. Citi-Mortg. Inc.*, No. 14-CV-3918, 2015 WL 4742507, at *6 (N.D. Tex. Aug. 10, 2015). Plaintiffs also do not contest the state court's jurisdiction to decide the First Action.

B.   *Identity and Privity of Parties*

    1.   <u>Deutsche</u>

Deutsche was the sole defendant in the First Action. *See* Doc. 17-9, Defs.' Ex. 2, Pls.' Original Pet. & Req. for Disclosure ¶ 3. In the Second Action, Plaintiffs have sued Deutsche (in its capacity as Trustee for the GSAMP Trust), MERS, and Ocwen. Doc. 1-5, Pet. ¶¶ 2–4. Plaintiffs argue that there is insufficient evidence that the Deutsche Bank National Trust Company that was a party to the First Action is the same Deutsche Bank National Trust Company that acts as Trustee for the GSAMP Trust. Doc. 25, Pls.' Resp. 1–2. This argument is belied, however, by the summary judgment order in the First Action, which identified Deutsche as "Trustee under the Pooling and Servicing Agreement dated as of September 1, 2006 GSAMP Trust 2006-FM2." Doc. 17-12, Defs.'

Ex. 5, Final Summ. J. 2. Plaintiffs' only rebuttal to this evidence is the bare statement that Deutsche had a different registered agent for process purposes during the First Action. Doc. 25, Pls.' Resp. 1. The Court finds this rejoinder insufficient to raise a genuine issue of material fact as to Deutsche's identity, and concludes that, at least with regard to Plaintiffs' claims against Deutsche, there is an identity of parties between the First and Second Actions.

    2.    <u>MERS and Ocwen</u>

Regarding MERS and Ocwen, it is undisputed that they were not parties to the First Action. Res judicata may still operate to bar Plaintiffs' claims against them, however, if they are in privity with Deutsche. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652–53 (Tex. 1996). The issue of privity as it relates to claim preclusion usually arises with respect to plaintiffs; that is, the question is whether the plaintiff in a subsequent action against a particular defendant is in privity with the plaintiff in an earlier action against the same defendant. *See, e.g.*, *id.* at 653. Though this case presents the inverse situation, engaging in a privity analysis here is consistent with the underlying purpose of res judicata. The doctrine of res judicata is meant "to ensure that a defendant is not twice vexed for the same acts" and "to achieve judicial economy by precluding those who have had a fair trial from relitigating claims." *Id.* In other words, res judicata exists both to protect defendants from repetitive litigation *and* to limit plaintiffs to one bite at the apple. The latter objective supports extending res judicata to defendants who are in privity with an original party, and indeed courts have done so. *See, e.g.*, *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234–35 (Tex. App.—Houston [1st Dist.] 2014, no pet.). This Court therefore will do the same.

"Privity connotes those who are so connected with a party to the judgment in the law such that the party to the judgment represented the same legal right." *Id.* at 234. There are three ways in

which a subsequent litigant can be in privity with a party to an earlier action: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt*, 919 S.W.2d at 653. "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Id.* Plaintiffs already attacked MERS' authority to assign the Note and Deed of Trust in the First Action. Doc. 17-9, Defs.' Ex. 2, Pls.' Original Pet. & Req. for Disclosure ¶¶ 25–27. This was MERS' only connection to that case, and Deutsche shared an interest in resolving the issue, as its right to foreclose was at least partially dependent upon the validity of the Assignment. In the Second Action, Plaintiffs' only allegation against MERS is, once again, that it lacked authority to execute the Assignment. Doc. 1-5, Pet. ¶ 20. Thus, MERS' sole interest in the Second Action is one that Deutsche sufficiently represented in the First Action. MERS is therefore in privity with Deutsche for res judicata purposes in this case. *See Samuel*, 434 S.W.3d at 235.

Similarly, Ocwen's interest in this case is entirely derivative of Deutsche's. The only allegation directed specifically toward Ocwen is that it "wrongfully foreclosed on the Property of the Plaintiffs."[1] Doc. 1-5, Pet. ¶ 4. But Ocwen merely acts as the servicer for Plaintiffs' loan; its authority to foreclose is therefore contingent on Deutsche's authority to do the same. That is to say, Ocwen is only empowered to foreclose on the Property if Deutsche is authorized to do so. *See* Tex. Prop. Code § 51.0025 ("A mortgage servicer may administer the foreclosure of property . . . *on behalf of* a

---

[1] Plaintiffs also allege that they were not notified when Ocwen became the servicer on their loan. Doc. 1-5, Pet. ¶ 12. Whether or not this allegation is directed at Ocwen, Defendants have provided uncontroverted evidence that Plaintiffs were in fact notified of the change in servicing. *See* Doc. 17-1, Defs.' Ex. 1, Aff. of Howard R. Handville ¶ 16; Doc. 17-6, Defs. Ex. 1-E, Notice of Servicing Transfer.

mortgagee . . . ." (emphasis added)). Consequently, Ocwen has no interest in the Second Action independent of Deutsche's own authority to foreclose on the Property. Deutsche already defended this precise interest in the First Action, and so the Court concludes that Ocwen is also in privity with Deutsche for the purpose of this analysis. *See Amstadt*, 919 S.W.2d at 653.

C.    *Second Action Based on the Same Claims*

"To determine whether a prior and later lawsuit involve the same basic subject matter, [courts] focus on the factual basis of the complaint." *Id.* "Determining the scope of the 'subject matter' or 'transaction' of the prior suit requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action.'" *Daccach*, 217 S.W.3d at 449 (quoting *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992)). Factors relevant to this determination include (1) "whether the facts are related in time, space, origin, or motivation," (2) "whether they form a convenient trial unit," and (3) "whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr*, 837 S.W.2d at 631. "If the . . . [P]laintiffs seek to relitigate the matter which was the subject of the earlier litigation, res judicata bars the suit even if the . . . [P]laintiffs do not allege causes of action identical to those asserted" in the First Action. *Amstadt*, 919 S.W.2d at 653.

Plaintiffs point out that, in the First Action, they "asserted that [Deutsche] did not have **possession** of the Note sued upon," but allege fraud and forgery in the Second Action. Doc. 25, Pls.' Resp. 2 (emphasis in original). Although this is accurate, the Court's review nevertheless reveals that Plaintiffs' claims in the Second Action "aris[e] out of the same subject matter of" the First Action. *Amstadt*, 919 S.W.2d at 652–53. In both cases, the "gist" of Plaintiffs' complaints is that Deutsche did not validly acquire the Note and Deed of Trust, and therefore is not entitled to foreclose on the

Property. *Compare* Doc. 17-9, Defs.' Ex. 2, Pls.' Original Pet. & Req. for Disclosure ¶¶ 13, 20–27, *with* Doc. 1-5, Pet. ¶¶ 11, 18–21. The only distinction is that, in the Second Action, Plaintiffs have added more allegations as to why Deutsche's acquisition of the Note and Deed of Trust was invalid. *See* Doc. 1-5, Pet. ¶¶ 26–36. But the factual content of these new allegations—such as the closing date for the GSAMP Trust and that Trust's requirements for acquiring mortgages such as Plaintiffs'—pre-dates the First Action. *See id.* ¶¶ 27–32. The facts underlying both actions are thus "related in time, space, and origin," and the claims in each pertain to the same ultimate question—whether Deutsche is entitled to foreclose on the Property. They would therefore "form a convenient trial unit" as well. As a result, the Court finds that Plaintiffs' fraud claim arises from the "same basic subject matter" as their claims in the First Action, and that the Second Action thus involves the same claims as the First.

The fact that Plaintiffs have alleged fraud in the Second Action does not change this conclusion. An action for fraud is properly barred by res judicata when the claim could have been brought "through the use of due diligence" in a prior lawsuit. *Continental Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 792–93 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Plaintiffs have not explained why they could not present their fraud claim in the First Action, based as it was on the same transaction (i.e., Deutsche's acquisition of the Note and Deed of Trust and the subsequent foreclosure). All three of the res judicata factors are therefore fulfilled in this case, and the Court concludes that res judicata bars Plaintiffs' claim.[2] Consequently, Plaintiffs are also not entitled to a stay of foreclosure proceedings or a declaratory judgment.

---

[2] Because this decision fully disposes of Plaintiffs' claims, the Court does not reach Defendants' argument that Plaintiffs are collaterally estopped from relitigating the issue of the foreclosure.

D.    *Additional Allegations in Plaintiffs' Response*

In their response to Defendants' Motion, Plaintiffs allege, for the first time, that the Assignment was authorized by a "robo-signer," which one of Plaintiffs' exhibits defines as a "person on a legal document processing assembly line whose only task is to sign previously prepared documents affecting title to real property in a robotic-like fashion without reading the documents or verifying the facts contained therein by reviewing primary source evidence." Doc. 25, Pls.' Resp., Ex. A, Aff. of John L. O'Brien ¶ 2. Plaintiffs' exhibits further assert that the individual who signed the Assignment on behalf of MERS—or at least someone with the same name (Marti Noriega)—is a suspected robo-signer in the Commonwealth of Massachussetts. *Id.* ¶ 3.

The Court is skeptical of this proffered evidence's value in relation to this case; however, it need not reach that issue because these allegations have not been properly presented. In the Fifth Circuit, "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment." *DeFranceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (unpublished) (citations omitted). This rule derives from the requirement that pleadings give the opposing party "'fair notice of what the claim is and the grounds upon which it rests.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009)). If claims or theories "are nowhere to be found in the complaint," it would be unfair to require a defendant to defend against them, for they would have learned of them for the first time during summary judgment. *Id.* Although "a pleading . . . need not specify in exact detail every possible theory of recovery," it still must provide the requisite "fair notice" to the opposing party. *Thrift v. Estate of Hubbard*, 44 F.3d 348, 356 (5th Cir. 1995). Plaintiffs' Original Petition, which focuses almost solely on the GSAMP Trust's rules for acquiring mortgages,

provides no such notice to Defendants of this "robo-signing" theory, which Plaintiffs mention nowhere in the Original Petition's passing reference to MERS' authority to assign mortgages. *See* Doc. 1-5, Pet. ¶ 20. The Court therefore will not consider it in deciding this Motion.

Plaintiffs also request an opportunity to conduct discovery. Doc. 25, Pls.' Resp. 5. After reviewing their submissions, the Court finds that Plaintiffs have not provided "specified reasons" why they "cannot present facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d). In fact, they have presented no reasons, other than a conclusory statement that the "robo-signing" exhibits demonstrate a "need for more and deeper discovery of the facts associated with this case." Doc. 25, Pls.' Resp. 5. Therefore, the Court will not permit Plaintiffs to engage in discovery with respect to this Motion.

### IV.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Summary Judgment and **ORDERS** that Plaintiffs' claims be dismissed in their entirety **with prejudice**.

**SO ORDERED.**

SIGNED: November 13, 2015.

                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE